WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Composite Industrie S.A., a French corporation,<br><br>Plaintiff,<br><br>v.<br><br>Vision Air America, Inc.; Artur Niewiadowski,<br><br>Defendants. | No. CV-13-01984-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Composite Industrie S.A.'s Motion for Authorization of Alternative Service of Process on Defendant Artur Niewiadowski ("Niewiadowski"), pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k).[1] (Doc. 11). Plaintiff requests that the Court authorize Plaintiff to serve Niewiadowski with the Summons and Complaint via "(1) posting a copy of the summons, complaint, and related papers on his residence along with a copy of this Court's Order allowing for substitute or alternative method of service on [Niewiadowski] last known residence address and (2) mailing a copy of said papers to the same address." (Doc. 11 at 2, 4). To date, no Defendant has appeared in this action.

Rule 4(e)(1), Fed. R. Civ. P., allows a summons to be served on an individual in a manner that follows "state law for serving a summons in an action brought in courts of

---

[1] The Court notes that, by using all capital letters for party names, the Motion's caption violates LRCiv 7(a)(3) ("[P]arty names must be capitalized using proper upper and lower case type.").

general jurisdiction in the state where the district court is located or where service is made." Under Arizona law, when personal service has become impracticable, Rule 4.1(k), Ariz. R. Civ. P., formerly Rule 4.1(m), authorizes service by alternative means as follows:

> **Alternative or Substituted Service.** If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves *impracticable*, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, *the summons and the pleading to be served, as well as an order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.*

Rule 4.1(k), Ariz. R. Civ. P. (emphasis added).

> Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals in *Blair v. Burgener* approvingly cited the language from a New York case on a similar service issue. 245 P.3d 898, 903–04 ¶¶ 15–17 (Ariz. Ct. App. 2010). "[T]he standard of impracticability [i]s 'different from the more stringent one of 'due diligence' . . . . That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]' " [*Id.* at 903 ¶ 15] (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App. Div. 1995)). Applying this standard of impracticability, the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service. Adopting the same standard, the *Blair* court found that *Blair*'s efforts at service without success met the definition of impracticability justifying alternative service. *Blair*'s process server attempted service at both defendants' place of business and the individual defendant's residence on five different days at various times. In addition to these physical attempts, the process server attempted to ascertain over an additional seven days whether the individual defendant was present in the office so that service could be made. Each time he was told this defendant was not in the office. These facts and circumstances, the Arizona court concluded, "demonstrate that service of process through the usual means would have been 'extremely difficult or inconvenient[]' " and was impractical which justified the trial court's authorization of alternative service under Arizona

law. [*Id.* at 904 ¶ 18].

*BMO Harris Bank, N.A. v. D.R.C. Invs., L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013).

Here, at various times of the day and over the course of eight days, Plaintiff's process server attempted service at Niewiadowski's residence three times and at his business twice. (Certificate of Non-Service, Doc. 10). Additionally, the process server questioned Niewiadowski's executive assistant, who vaguely explained Niewiadowski's absences as business trips and would not specify return dates. (*Id.*). Despite the claim that Niewiadowski was travelling, after the process server exited Niewiadowski's business for the second time, the process server observed an occupant quickly close the business' previously open door. (*Id.*). Moreover, the process server observed a Mercedes vehicle registered to Vision Air America, Inc. parked near the business. (*Id.*). The Mercedes' presence is significant because Niewiadowski's neighbor had previously advised the process server that Niewiadowski regularly drove a Mercedes. (*Id.*).

After consideration of the Motion, the evidence presented, and in view of Niewiadowski's apparent evasion of service of process and the futility of further attempts to personally serve Niewiadowski, the Court finds service of process on Niewiadowski by traditional means is impracticable under Rule 4.1(k), Ariz. R. Civ. P. Accordingly, the Court grants Plaintiff's request for alternative service.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Composite Industrie S.A.'s Motion for Authorization of Alternative Service of Process on Defendant Artur Niewiadowski (Doc. 11) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff may serve Niewiadowski by (1) First Class U.S. mail, and (2) affixing a copy of the Summons, Complaint, and the Order Authorizing Alternative Service to the front door of Niewiadowski's residence located at 13734 W. Roanoke Avenue, Goodyear, Arizona 85395.

**IT IS FURTHER ORDERED** that, within 14 days of this Order, Plaintiff must

1 file with the Court satisfactory evidence of mailing and that a copy of the Summons, Complaint, and this Order were mailed to, and affixed to the front door of, Niewiadowski's last known residence located at 13734 W. Roanoke Avenue, Goodyear, Arizona 85395. The provision of this evidence shall be deemed proof of sufficient evidence that Niewiadowski has been appropriately served with process in this action pursuant to the applicable procedural rules and the law.

**IT IS FINALLY ORDERED** that counsel and any party, if unrepresented, must hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, including LRCiv 7.1(a)(3) ("[P]arty names must be capitalized using proper upper and lower case type.") (citing footnote 3 citing a sample of proper capitalization in Appendix C). The District Court's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Dated this 25th day of March, 2014.

James A. Teilborg
Senior United States District Judge