1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Composite Industrie SA,                    No. CV-13-01984-PHX-JAT

10                    Plaintiff,                 **ORDER**

11   v.

12   Vision Air America Incorporated, et al.,

13                    Defendants.

14

15

16          Before the Court is Plaintiff's motion for entry of default judgment. (Doc. 16). The

17   Court now rules on the motion.

18          In support of its Motion, Plaintiff offers declarations of its Vice President and its

19   attorney, specifying the amount of damages and costs Plaintiff has incurred and the

20   interest that has accrued. Plaintiff also offers the written agreement and invoices relating

21   to the contract at issue.

22          Once the Clerk of Court has entered default, the plaintiff may apply for entry of

23   default judgment. *See* Fed. R. Civ. P. 55(b)(2). Rule 55(b) provides for the entry of

24   default judgment by the Clerk or by the Court.  Entry by the Clerk is proper when the

25   amount of damages is "for a sum certain or a sum that can be made certain by

26   computation."  Fed. R. Civ. P. 55(b)(1).  Entry by the Court is proper "[i]n all other

27   cases." Fed. R. Civ. P. 55(b)(2). Plaintiff originally sought entry by the Clerk under Rule

28   55(b)(1), but as explained below, some amounts requested by Plaintiff were not clear to

1   the Clerk or to the Court. Accordingly, the Court considers the motion under Rule
2   55(b)(2).

3        When the Court considers the entry of default judgment, the well-pleaded "factual
4   allegations of the complaint, except those relating to the amount of damages, will be
5   taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing
6   *Pope v. United States*, 323 U.S. 1, 12 (1944)); *see TeleVideo Sys., Inc. v. Heidenthal*, 826
7   F.2d 915, 917 (9th Cir. 1987); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).
8   However, "[a] default judgment must not differ in kind from, or exceed in amount, what
9   is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see* Fed. R. Civ. P. 8(a)(3). Thus,
10  "necessary facts not contained in the pleadings, and claims which are legally insufficient,
11  are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267
12  (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388). Unless "the amount claimed is
13  liquidated or capable of ascertainment from definite figures," the Court generally should
14  hold a hearing to determine the proper amount of damages.  *Dundee Cement Co. v.
15  Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see* Fed. R.
16  Civ. P. 55(b)(2).

17       Here, the declaration of Plaintiff's Vice President and the written agreement
18  produced by Plaintiff show that Defendants agreed to pay $87,230.91 as well as a 2% per
19  month late payment penalty. The record also establishes that Defendants paid $20,000
20  toward this debt in March of 2012. Plaintiff's materials also establish that the total
21  amount in late penalties that have accrued from the March 2012 payment until the filing
22  of this action in September 2013 is $22,848 ($1,344 per month x 17 months). Thus,
23  according to Plaintiff's materials submitted in support of its motion for default judgment,
24  "the total owing, due, and unpaid by [Defendants] . . . is $90,078.91 ($67,230.91 unpaid
25  invoice + $22,848.00 late payment penalty)." The Complaint demands the same amount
26  for damages. This amount is "ascertainable from definite figures," *Dundee Cement Co.*,
27  722 F.2d at 1323, so no hearing is necessary to determine the amount owed Plaintiff
28  under the breach of contract claim. Because the damages demanded by the Complaint and

1    motion for default judgment are identical in amount and kind, the Court will enter default

2    judgment for Plaintiff in the amount of $90,078.91.

3          The Court will similarly enter default judgment on Plaintiff's demand for costs.

4    The Complaint clearly demanded "costs of suit herein incurred," and the declaration of

5    Plaintiff's counsel sufficiently establishes that Plaintiff has incurred a $400 filing fee and

6    $485 in service of process fees. Accordingly, the Court will enter default judgment for

7    Plaintiff in the amount of $885 without conducting a hearing.

8          Plaintiff also initially requested prejudgment interest in the amount of $13,440.

9    Because the correct method of calculating interest was unclear from the motion for

10   default judgment, the Court scheduled a hearing. The day before the hearing, Plaintiff

11   filed a Notice of Lodging Proposed Form of Default Judgment, (Doc. 21), in which it

12   amended or clarified its interest request. Specifically, Plaintiff stated that under A.R.S.

13   § 44-1201(A), it is entitled to an interest rate of 10% per annum on the principal amount

14   and late penalties owed. Plaintiff stated that the interest on the principal amount should

15   begin accruing as of February 29, 2012, and the interest on the late penalties should begin

16   accruing on August 1, 2013.[1] These rates and dates parallel the Complaint's request for

17   interest "at the legal rate." (Doc. 1 at ¶¶ 1–2). The Court will therefore award

18   prejudgment interest on the principle and late penalties at the statutory rate of 10% per

19   annum.

20         Plaintiff also requests that the Court award interest on the taxable costs, and that

21   all interest be awarded from the accrual dates "until paid in full." However, pre-judgment

22   interest, as the name implies, does not accrue after judgment. This, of course, does not

23   foreclose Plaintiff's right to post-judgment interest before the judgment is satisfied, *see*

24   28 U.S.C. § 1961, but the pre-judgment interest award reflects what Plaintiff is owed at

25   entry of default judgment, not what it may be owed at some time in the future. Thus, the

26   Court will award pre-judgment interest only on the principal and late penalties, according

27

28         [1] This date is apparently derived from the last month Plaintiff charged late penalties, July 2013.

to the accrual dates listed above, ending on the date of this judgment.

In sum, the Court will award prejudgment interest in the amount of $19,609.02 ($67,230.91 x 10% x (35 months / 12)) for the principal amount and $3,427.20 (($22,848 x 10% x (18 months / 12)) for the late penalty amount, a total of $23,036.22. The Court will also award Plaintiff $90,078.91 in damages for the principal and late penalties, and $885 in costs. Therefore, the Court will grant a total default judgment award of $114,000.13.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for entry of default judgment, (Doc. 16), is **GRANTED**. Defendants Vision Air America Incorporated and Artur Niewiadowski are jointly and severally liable to Plaintiff Composite Industrie SA for $114,000.13, plus post-judgment interest accruing from today at the applicable federal rate.

Dated this 17th day of February, 2015.

James A. Teilborg
Senior United States District Judge